30 N.J. Super. 531 (1954)
105 A.2d 451
ALBERT C. FINK, PLAINTIFF,
v.
LOIS C. FINK, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 25, 1954.
Mr. Julius N. Asch, attorney for plaintiff.
*532 NIMMO, J.C.C. (temporarily assigned).
This is a divorce case alleging desertion of plaintiff by defendant for the statutory period of two years which is uncontested.
The parties were married April 15, 1950 and residence in this State was proven. No children were born of the marriage; in fact, this is the basis of plaintiff's complaint.
Plaintiff testified that after the marriage he and his wife agreed to the use of contraceptive intercourse as they could not afford a child just then. Continuing, plaintiff testified that this arrangement was carried on for a year after the marriage, when plaintiff then asserted he wanted a child and that his wife would not permit non-contraceptive intercourse. Plaintiff's mother testified on his behalf that about two years after the marriage her son complained to her about his wife's sexual behavior. The mother testified she spoke to the defendant wife about her son's feelings in the matter, whereupon defendant admitted to her all the things plaintiff had testified to about the defendant's insistence upon having intercourse with the use of contraceptives.
Plaintiff relies upon Kreyling v. Kreyling, 20 N.J. Misc. 52 (Ch. 1942). The instant case differs in many respects from the case cited. Here we have the husband, who is the plaintiff, who lived as Advisory Master Mathews terms in a state of "licensed concubinage" until his wife, the defendant, left him but six months before the trial of the case. There seems to be no question that defendant did actually desert plaintiff in November 1953 and it is inescapable to surmise that the date of the contraceptive desertion is given to accelerate the date of the cause of action for desertion. In the Kreyling case it was the aggrieved party, the plaintiff wife, who left her husband and occupied a separate bed from his by bringing one in from her mother's home, while here both plaintiff and defendant occupied the same bed until the defendant wife left.
The cases cited in the Kreyling case need no comment here as there is no question that the withdrawal of the sexual relationship by either party amounts to desertion or that the continued use of contraceptives by either against the will of *533 either one amounts to the same thing. The difficulty lies in the proofs thereof and the normal and natural reaction of men and women. Here it is the man who uses the contraceptive, and it is he who complains and it is his wife who leaves him.
The State is a party to every divorce for, as a public policy, divorces are frowned upon and can only be obtained upon sound and convincing proofs that the requirements of the statutes and the law are met. This court is constrained to find that such has not been met upon the testimony of the plaintiff and his mother; therefore, the complaint will be dismissed.
A judgment of dismissal will accordingly be entered.